UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ELI DUNN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BRYCE HATCH and HATCH MARINE ENTERPRISE, LLC, in personam; the F/V SILVER BULLET, Official Number 991159, her engines, machinery, appurtenances and cargo, in rem;<br><br>　　　　　Defendants. | Case No. C14-01541-JPD<br><br>IN ADMIRALTY<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO |

I.　　INTRODUCTION AND SUMMARY CONCLUSION

This matter comes before the Court upon plaintiff's August 5, 2015, motion to transfer venue to Alaska and impose on defendants the expenses of service of process. Dkt. 27. Defendants opposed plaintiff's motion on August 25, 2015, and requested that venue be transferred to Idaho. Dkt. 28. After careful consideration of the parties' submissions, the governing law, and the balance of the record, the Court ORDERS that plaintiff's motion, Dkt. 27, is DENIED, and this case be TRANSFERRED to the United States District Court for the District of Idaho.

ORDER - 1

## II. BACKGROUND

Plaintiff, Eli Dunn ("Dunn"), filed a complaint, in admiralty, *in personam* and *in rem* for wages and punitive damages. Dkt. 1. Defendants, Bryce Hatch and Hatch Marine Enterprise, LLC ("Hatch"), responded with a motion to dismiss for lack of personal jurisdiction and improper venue. Dkt. 16. On June 25, 2015, the Honorable Richard A. Jones reassigned this case to the undersigned based upon the parties' consent to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Dkt. 25. On July 22, 2015, the undersigned granted Hatch's motion to dismiss based upon a finding that the Court did not have personal jurisdiction over Hatch. Dkt. 26. The Court then directed each party to advise the Court as to whether they preferred the case be transferred to Alaska or Idaho. *Id.*

In his motion to transfer venue and impose the expense of service of process on Hatch, Dunn requests that the case be transferred to Alaska because "[t]here are more contacts with Alaska, and the federal District of Alaska is a better choice for the transfer of this case after the Court decided that the Western District of Washington lacks personal jurisdiction." Dkt. 27 at 2. Specifically, Dunn provides the following contacts with Alaska: (1) "Dunn was hired when both he and . . . Hatch were in Alaska"; (2) "[t]he fish were sold to a cannery whose base of operations is in Alaska"; and (3) "[t]he fishing employment at issue took place in Alaska." *Id.* (internal citations omitted). Dunn also asserts that he is a resident of Oregon who "has never been to Idaho in his life," and the "only contacts with Idaho for this case is the fact that that's where the defendants reside." *Id.*

In his opposition to Dunn's motion, Hatch requests that this Court transfer the case to Idaho. Dkt. 28. Hatch cites case law stating that venue is proper in an *in personam* admiralty action "wherever the defendant can be served." *Id.* at 2 (quoting *Schatek v. Tsui*, Case No. 2:10-CV-1562-GEB-JFM (PS), 2010 WL 5169006, at *1 (E.D. Cal. Dec. 14, 2010)). Thus, Hatch contends that venue is proper in Idaho because "Hatch and Hatch Marine are residents of Idaho." *Id.* Further, Hatch points out that he was served in Idaho, and Dunn "has consented

1  to jurisdiction in Idaho by answering Hatch's complaint, asserting a counterclaim, and
2  participating in case management and scheduling." *Id.* (citing *Dow Chem. Co. v. Calderon*,
3  422 F.3d 827, 831 (9th Cir. 2005); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227
4  F.3d 1104, 1107 (9th Cir. 2000)).

III. DISCUSSION

A. Transfer of Venue

The Federal Rules of Civil Procedure have applied to admiralty cases since 1966, but some procedural differences between civil cases and admiralty cases persist. *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1183 (W.D. Wash. 2014) (recognizing that Rule 82 does not impose a venue restriction on admiralty cases). Specifically, Rule 82 provides that "[a]n admiralty or maritime claim under Rule 9(h) is not a civil action for purposes of 28 U.S.C. §§ 1391-1392." *See Cashman Equip. Corp. v. Kimmins Contracting Corp.*, No. Civ.A. 03-10463-DPW, 2004 WL 32961, at *4 (D. Mass. Jan. 5, 2004) (noting that 28 U.S.C. § 1391 "does not apply to admiralty or maritime actions"). One court has held that "the proper interpretation of Rule 82 is that for claims in admiralty, venue lies wherever a district court has jurisdiction over the defendant." *Richoux v. R & G Shrimp Co.*, 126 F. Supp. 2d 1007, 1009 (S.D. Tex. 2000). As noted above, the Court's prior Order granting Hatch's motion to dismiss held that this Court does not have jurisdiction over Hatch, therefore venue is improper in the Western District of Washington. Dkt. 26 at 4-9.

When a court finds that it lacks jurisdiction, it "shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631; *see also Kennedy v. Phillips*, No. C11-1231-MJP, 2012 WL 261612, at *4 (W.D. Wash. Jan. 30, 2012) ("[A] court can transfer an action to a district where jurisdiction is proper in order to cure a lack of jurisdiction . . . ."). Here, the U.S. District Court of Idaho dismissed Hatch's Idaho-filed action without prejudice on June 16, 2015, based upon an assumption that Hatch's business dealings in Washington, as well as the

ORDER - 3

F/V Silver Bullet's alleged Seattle home port, were enough to confer personal jurisdiction in this Court. Dkt. 24, Ex. 1 at 6-7.  Specifically, Chief Judge B. Lynn Winmill found that "the first-to-file rule applies in the instant case[, and] [e]fficiency and judicial resources would be best served by dismissing this action without prejudice." *Id.* at 7.  However, the first-to-file rule implicitly relies on the fact that both actions were filed in courts that could exercise jurisdiction over the parties. *See Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982) ("[W]hen two identical actions are filed in courts of concurrent jurisdiction, *the court which first acquired jurisdiction* should try the lawsuit and no purpose would be served by proceeding with a second action.") (emphasis added).  Therefore, the first-to-file rule does not apply in this case because Washington and Idaho do not both have jurisdiction over Hatch. Dkt. 26 at 10-11.

On the other hand, Dunn does not argue that he is not subject to personal jurisdiction in Idaho.  He only argues that "Alaska is a better choice for transfer of this case." Dkt. 27 at 2. Given that Hatch was served in Idaho and that Dunn, proceeding *pro se*, defended Hatch's Idaho-filed action in Idaho, the factors do not weigh in favor of transferring this matter to Alaska. *See* Dkt. 20, Ex. 3; Dkt. 21 at ¶ 6; Dkt. 22 at ¶ 3; Dkt. 24, Ex. 1; Dkt. 29.  Thus, this Court finds that the interests of justice are served by transferring this action to the U.S. District Court for the District of Idaho.

B. <u>Dunn's Request that Hatch Reimburse the Expenses of Service of Process</u>

Dunn also asserts that he "is entitled to be reimbursed [for] the expenses incurred as a result of [Hatch's] failure to waive service." Dkt. 27 at 2.  Rule 4(d)(2) does require that the Court "impose on the defendant . . . the expenses . . . incurred in making service" if the defendant fails to waive service without good cause. Fed. R. Civ. P. 4(d)(2).  However, Rule 4(d)(1) also requires that the notice and request to waive service "must" meet seven conditions, one of which is that it "be sent by first-class mail or other reliable means." Fed. R. Civ. P. 4(d)(1)(G).  A court cannot "impose the costs of service on a defendant . . . when [a] plaintiff

ORDER - 4

1  fail[s] to provide [the defendant] with the notice as required by" Rule 4(d)(1).  *Hutchens v.*
2  *Hutchens-Collins*, No. CV-04-281-ST, 2003 WL 23573644, at *1 (D. Or. June 22, 2003).
3  Additionally, the duty to avoid unnecessary costs is imposed on individuals who cannot show
4  "good cause for the failure to comply with a request for waiver of service."  *Jones v.*
5  *Huckabay*, No. 1:08-cv-00421-AWI-GSA-PC, 2010 WL 3943557, at *2 (E.D. Cal. Oct. 7,
6  2010) (internal quotation marks omitted) (denying reimbursement of costs of personal service
7  where defendant "presented evidence that she did not receive notice of this lawsuit" until she
8  was personally served).

9        The "Notice of a Lawsuit and Request to Waive Service of a Summons" that Dunn
10  attached as exhibits to the instant motion are not dated and are not accompanied by proof of
11  postage.  *See* Fed. R. Civ. P. 4(d)(1)(E), (G) (requiring that the request "state the date when the
12  request is sent" and "be sent by first-class mail or other reliable means").  *Compare* Dkt. 27;
13  Exs. 1-2 (un-dated notice and request to waive service), *with* Dkts. 5-6 (dated summons).
14  Thus, Dunn has not provided any reliable evidence that the notice and waiver were actually
15  sent to Hatch by "first-class mail or [any] other reliable means" as authorized by the statute.
16  *See* Fed. R. Civ. P. 4(d)(1)(G).  Without proof that Hatch timely received properly dated
17  versions of these documents, in compliance with Rule 4(d)(1)(E) and (G), this Court declines
18  to impose the requested expenses on Hatch.  *See Huckabay*, 2010 WL 3943557, at *2;
19  *Hutchens*, 2003 WL 23573644, at *1.

20        Furthermore, it is not clear that Hatch should be solely responsible for the expense of
21  service even if he could not show good cause for failing to waive service.  *See* Dkt. 9 (Judge
22  Jones' January 2015 Order denying Dunn's request to serve Hatch "purely by mail" because
23  Dunn "points to no Washington authority authorizing service purely by mail"); Dkt. 11 (Judge
24  Jones' March 2015 Order denying Dunn's "motion for service by first class mail" because
25  "[t]here is no evidence that [Dunn] left the summons and complaint with any person whom the
26  statute describes.  If there is authority that permits a court to authorize service in the manner

[Dunn] prefers, he has not cited it."). Therefore, this Court DENIES Dunn's request to impose on Hatch the expenses of service of process.

### IV.   CONCLUSION

Accordingly, Dunn's motion, Dkt. 27, is DENIED. The Clerk of the Court is directed to TRANSFER this case to the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1631. The Clerk is further directed to send copies of this Order to all counsel of record.

DATED this 27th day of August, 2015.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge